UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2019-R5<br><br>**Plaintiff**<br><br>vs.<br><br>Pamela Leo and Katherine Brown<br><br>**Defendants** | CIVIL ACTION NO: 2:24-cv-00340-JAW<br><br>**JUDGMENT OF FORECLOSURE AND SALE**<br><br>RE:<br>555 Brook Street, Westbrook, ME 04092<br><br>Mortgage:<br>December 30, 2006<br>Book 24801, Page 139 |

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on January 28, 2025. Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2019-R5, was present and represented by Reneau J. Longoria, Esq. Defendants, Pamela Leo and Katherine Brown, did not appear.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED. **JUDGMENT** on Count I - Foreclosure and Sale is hereby **ENTERED** as follows:

1. If the Defendants or their heirs or assigns pay U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2019-R5 ("U.S. Bank National Association") the amount adjudged due and owing ($239,432.93) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, U.S. Bank National Association shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The

following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $149,479.18 |
| Interest | $44,568.86 |
| Unpaid Late Charges | $1,727.52 |
| Escrow Advance | $15,829.82 |
| Recoverable Corporate Advance Balance | $27,827.55 |
| Grand Total | $239,432.93 |

2. If the Defendants or their heirs or assigns do not pay U.S. Bank National Association the amount adjudged due and owing ($239,432.93) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the Westbrook Property shall terminate, and U.S. Bank National Association shall conduct a public sale of the Westbrook Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $239,432.93 after deducting the expenses of the sale, with any surplus to the Defendants or the heirs or assigns, in accordance with 14 M.R.S.A. § 6324. U.S. Bank National Association may not seek a deficiency judgment against the Defendants pursuant to the Plaintiff's waiver of deficiency at trial.

3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession, U.S. Bank National Association may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5  The amount due and owing is $239,432.93.

6. U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2019-R5 has first priority, in the amount of $239,432.93, pursuant to the subject Note and Mortgage and there are no parties in interest other than the Defendants who have second priority.

7. The prejudgment interest rate is 7.00000%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 10.23%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue – December 2024, 4.23% plus 6% for a total post-judgment interest rate of 10.23%).

8. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2019-R5<br>425 Walnut Street<br>Cincinnati, OH 45202 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANTS | Katherine Brown<br>43 Hyde Road<br>Gray, ME 04039 | Pro Se/Defaulted |
|  | Pamela Leo<br>880 Forest Ave<br>Apt. 5-18<br>Portland, ME 04103 | Pro Se/Defaulted |

a) The docket number of this case is No. 2:24-cv-00340-JAW.

b) The Defendants, the only parties to these proceedings besides U.S. Bank National Association, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 555 Brook Street, Westbrook, ME 04092, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 555 Brook Street, Westbrook, ME 04092. The Mortgage was executed by the Defendants, Bradley M. Jellison, Pamela Leo and Katherine Brown on December 30, 2006. The book and page number of the Mortgage in the Cumberland County Registry of Deeds is Book 24801, Page 139.

e) This judgment shall not create any personal liability on the part of the Defendants but shall act solely as an in rem judgment against the property, 555 Brook Street, Westbrook, ME 04092.

SO ORDERED

DATED THIS 28th DAY OF January, 2025

_____
U.S. DISTRICT JUDGE